UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE MISAKYANTS,

    Plaintiff,

-against-

LETARTE RETAIL LLC, ADP
TOTALSOURCE, INC., and ADP
TOTALSOURCE I, INC.,

    Defendants.

Case No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

  Plaintiff MICHELLE MISAKYANTS by and through her attorneys, FISHER TAUBENFELD LLP, alleges against Defendants LETARTE RETAIL LLC ("Letarte"), ADP TOTALSOURCE, INC., ("ADP1"), ADP TOTALSOURCE I, INC. ("ADP2") ("ADP1 and ADP2 are collectively known as "ADP") (ADP and Letarte are collectively known as the "Defendants") as follows:

### JURISDICTION AND VENUE

  1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction).  Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

  2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Defendant Letarte is a foreign limited liability company organized and existing under the laws of the State of Connecticut but authorized to do business in the State of New York, which maintains its principal place of business in the State of Connecticut.

4. Defendant Letarte maintains a website www.letarteswimwear.com, as well as many retail locations including the one at which Plaintiff was employed, located at 1118 Madison Avenue, New York, New York 10028.

5. Defendant ADP1 is a foreign business corporation organized and existing under the laws of the State of Florida but authorized to do business in the State of New York, which maintains its principal place of business in the State of Florida.

6. Defendant ADP2 is a foreign business corporation organized and existing under the laws of the State of Florida but authorized to do business in the State of New York, which maintains its principal place of business in the State of Florida.

7. Defendants ADP provides human resources services to companies nationwide.

8. In and about September 2016, Defendants entered into a co-employer agreement ("Co-employer Agreement").

9. Upon information and belief, according to the Co-employer Agreement, ADP agreed to employ, along with Letarte, all individuals employed by Letarte.

10. Upon information and belief, in and about September 2016, Defendants advised Defendant Letarte's employees that Defendants ADP was a co-employer.

11. Pursuant to the Co-employer Agreement, ADP paid Plaintiff's wages and issued to her an IRS W-2 Form.

2

12. ADP maintained payroll records for Plaintiff and approved her hiring and firing.

13. At all times relevant hereto, Defendant Letarte has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

14. At all times relevant hereto, Defendants ADP have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000

15. At all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

16. Plaintiff and Defendants' other employees regularly handled and used tools and equipment, including swimwear, retail inventory and merchandise, displays, and fixtures that were moved in or produced for interstate commerce.

17. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

18. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

19. At all relevant times hereto, Defendants employed "employee[s]," including Plaintiff.

20. At all relevant times hereto, Defendants have been Plaintiff's employer within the meaning of the NYLL §§ 2 and 651.

3

## NATURE OF THE ACTION

21. Plaintiff brings this action pursuant to the FLSA and NYLL based upon the following acts and/or omissions:

  i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff when she worked in excess of forty (40) hours per week;

  ii. Defendants' failure to provide Plaintiff with a wage notice or proper paystubs as required by NYLL § 195; and

  iii. Defendants' failure to pay Plaintiff unused accrued paid time off upon termination.

22. Plaintiff also brings a claim for retaliation under the FLSA's retaliation provision, 29 U.S.C. §215, and the NYLL's retaliation provision, NYLL §215.

## FACT ALLEGATIONS

23. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continue to be economically injured.

24. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### *Plaintiff's Schedule and Pay*

25. On or about January 6, 2016 Plaintiff began her employment as a Store Manager with Defendant Letarte.

26. Plaintiff was hired to manage Defendant Letarte's retail store at the building located at 1118 Madison Avenue, New York, New York 10028.

4

27. Although Plaintiff's job description indicated that she would have independence and discretion in carrying out the various tasks for which she was responsible, upon commencing work, Plaintiff did not actually possess or exercise such independent judgment or discretion.

28. Rather, Plaintiff was responsible for generating store sales, managing the cash register, taking store inventory, and providing customer service.

29. Throughout most of her employment, Plaintiff worked five (5) days a week, usually having off Friday and Saturday or Tuesday and Saturday.

30. On weekdays, Plaintiff was scheduled to work from 10:00 a.m. to 6:00 p.m.

31. On Sundays, Plaintiff was scheduled to work from 11:00 a.m. to 5:00 p.m.

32. Plaintiff routinely arrived to work and started working approximately 15 minutes before the scheduled start of her shift, and regularly worked 15 minutes past her scheduled shift.

33. In some weeks, Plaintiff worked longer shifts or additional days.

34. For this work, Defendants paid Plaintiff $65,000 annually, plus a commission on certain occasions.

35. Defendants failed to pay Plaintiff time and a half for the hours she worked in excess of 40 each week.

*Defendants' Violations of NYLL § 195*

36. Defendants have failed to provide Plaintiff with a wage notice in compliance with NYLL § 195.

37. Upon hire, Plaintiff was provided with an offer letter setting forth her title, annual salary, benefits and other information, but did not contain Plaintiff's regular and overtime rates of pay (which was required for her non-exempt position), her regular pay day, and other information required under NYLL § 195(1).

38. Defendants also failed to provide Plaintiff with proper wage statements stating, among other things, the number of overtime hours she worked or her hourly rate for overtime hours as required by NYLL § 195(3).

*Retaliation Against Plaintiff*

39. On October 2, 2016, Sales Associate Elizabeth Meade, the lone employee working with Plaintiff in the Madison Avenue store, resigned from her employment with Defendant.

40. Ms. Meade's last day of employment was October 12, 2016.

41. Subsequently, Defendants requested that Plaintiff work additional days to help cover the shift Ms. Meade used to work.

42. On October 21, 2016, Plaintiff advised Defendants that she could work those days, but that given her largely nondiscretionary job responsibilities, she was not an employee exempt from overtime pay and would have to be compensated for her overtime hours.

43. On October 26, 2016, Alfredo Perez, an accountant employed by Defendants, advised Plaintiff that after consulting with Defendants ADP, Defendants determined that Plaintiff was not entitled to overtime pay because she was a Store Manager and earned more than $23,660 annually.

44. Later that day, Plaintiff disputed by email that she was an exempt employee and requested a more detailed explanation for why Defendants designated her as exempt.

45. The very next day, Defendants terminated Plaintiff in retaliation for her request for overtime pay.

*Failure to Pay Unused PTO*

46. Upon her hiring, Defendant Letarte agreed to provide Plaintiff with paid time off (PTO).

47. At the time of her termination, Plaintiff had accrued PTO totaling six days.

48. Upon termination, Plaintiff was not paid for her accrued, unused PTO.

49. Plaintiff is owed six days' paid time off.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations)

50. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

51. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

52. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times her regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

53. Plaintiff seeks damages in the amount of her respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations)

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

56. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay Plaintiff at the required overtime rates, one and a half times her regular rate of pay, for hours worked in excess of forty (40) per workweek.

57. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify)

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide her with a notice describing, *inter alia*, her hourly regular and overtime rates of pay.

60. Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiff a wage statement containing, *inter alia*, a record of each hour worked and the employee's rate of pay.

61. Defendants failed to provide Plaintiff with a notice or proper wage statements in accordance with §195 of the NYLL.

62. As a direct and proximate result of Defendants unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and wage statement, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Retaliation)

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. NYLL § 215 prohibits an employer from terminating or disciplining an employee because "such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

65. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the NYLL.

66. As a direct and proximate result of Defendants unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(FLSA Retaliation)**

67. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68. 29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

69. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the FLSA.

70. As a direct and proximate result of Defendants unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by FLSA § 216 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIX CLAIM FOR RELIEF
### (NYLL Failure to Pay Accrued PTO)

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. New York law prohibits an employer from denying an employee pay for accrued paid leave upon termination.

73. Defendants denied Plaintiff her accrued paid leave upon her termination.

74. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid accrued leave in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained because of Defendants retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims for relief to which she has a right to a jury trial.

Dated: March 30, 2017
      New York, New York

Respectfully submitted,

*[signature]*

Michael Taubenfeld, Esq. (MT-4640)
Liane Fisher, Esq. (LF-5708)
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*